**Charles T. FANNING and Shirley J. Fanning, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**No. C–81–343–RMB.**

United States District Court, E.D. Washington.

May 23, 1983.

Bruce A. Charawell, Aitken, Schauble, Patrick, Neill & Charawell, Pullman, Wash., for plaintiffs.

Stanley S. Harris, U.S. Atty., Scott A. Milburn, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

ORDER

BILBY, District Judge.

Plaintiffs, individual taxpayers, owned and operated a farm producing wheat, bar-

ley and lentils. On March 31, 1974, all of the farm assets, except the land and a portion of the farm equipment owned by plaintiffs, were transferred into a farm corporation under 26 U.S.C. § 351 with plaintiffs as sole shareholders. In 1974, prior to incorporation, plaintiffs incurred $18,114 in expenses in planting crops. These expenses were deducted by the individual taxpayers, whereas, the profits from the sale of the crops to which the expenses related were reported by the newly formed corporation inasmuch as the crops were harvested and sold subsequent to incorporation. Pursuant to 26 U.S.C. § 482, the Commissioner reallocated the expenses of planting to the corporation resulting in increased tax liability to the individual taxpayers. Plaintiffs contest the reallocation and, along with defendant, have moved for summary judgment.

▮ Transferring assets into a newly formed corporation is ordinarily a taxable event, however, Congress, in enacting section 351, has provided for the postponement of tax recognition when certain conditions are met. It is undisputed that the plaintiffs have met the criteria of section 351. Notwithstanding that section, the Commissioner has the power to reallocate income and deductions among taxpayers "in order to prevent evasion of taxes or clearly to reflect the income of any such organizations, trades, or businesses." 26 U.S.C. § 482. The purpose of that section is to place a controlled taxpayer on a tax parity with an uncontrolled taxpayer. See *Simon J. Murphy Co. v. Commissioner,* 231 F.2d 639 (9th Cir.1956).

Courts have previously approved the application of section 482 to section 351 incorporations. In *Central Cuba Sugar Company v. C.I.R.,* 198 F.2d 214 (2nd Cir.1952), taxpayer, a New York corporation, transferred all of its assets into Central Cuba Sugar Company. Thereafter, taxpayer deducted over $300,000 in expenses incurred as the result of planting the sugar cane

crop that was transferred to Central Cuba. The deduction resulted in a large net operating loss which the taxpayer attempted to carry back, although it was clear the operation for the year in question produced substantial profits. The Commissioner's reallocation of expenses to Central Cuba was upheld by the court in order to "clearly reflect the income" of the parties involved. *Id.* at 215.

Similarly, in *Rooney v. United States,* 305 F.2d 681 (9th Cir.1962), the taxpayer incorporated after planting but before harvest. The successor corporation reported the profits from the sale of the crops but individual taxpayers deducted the expenses resulting in a net operating loss they attempted to carry back to prior years. The Commissioner's reallocation of expenses to the corporation was upheld by the court.

▮ The case at bar stands in contrast to the above. In claiming the expenses of planting on their individual returns, plaintiffs did not generate a net operating loss for the year and consequently, no loss carry back was involved. This distinction was given significance in a recent letter ruling by the Internal Revenue Service. *See* LTR 7942094, May 14, 1979.[1] Furthermore, the successor corporation operated the farm in the same manner as the individual plaintiffs and the date of incorporation was motivated by banking considerations and not tax avoidance. For those reasons, the Court feels the Commissioner abused its discretion in reallocating the expenses to the corporation. *See Hempt Bros., Inc. v. United States,* 490 F.2d 1172 (3rd Cir.1974), cert. denied, 419 U.S. 826, 95 S.Ct. 44, 42 L.Ed.2d 50 (1974); LTR 8105025, October 28, 1980 [2]; LTR 7924003, February 26, 1979.[3]

IT IS ORDERED that plaintiffs' Motion for Summary Judgment is GRANTED.

1. Although technical advice letters are of no precedential value, 26 U.S.C. § 6110(j)(3), courts do consider them. *See Regan v. Ross,* 691 F.2d 81, 87 (2nd Cir.1982).

2. *Id.*

3. *Id.*